UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN HARRIEL | CIVIL ACTION |
| VERSUS | NO. 17-7024 |
| BP EXPLORATION & PRODUCTION INC. ET AL. | SECTION "J"(2) |

## ORDER AND REASONS ON MOTIONS

The BELO portion of the Medical Benefits Class Action Settlement Agreement in In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179, Record Doc. No. 6427-1 at pp. 60-73, and this court's Case Management Orders ("CMO"), Record Doc. No. 14099 in MDL No. 2179 and Record Doc. No. 3 in the captioned case, provide for determination by this court, with the input of the parties, of the appropriate venue for discovery and dispositive proceedings. Plaintiff Kevin Harriel filed a Motion to Compel Disclosure, Record Doc. No. 9, and a Motion to Conduct Further Proceedings in the Eastern District of Louisiana. Record Doc. No. 14. Defendants filed a timely memorandum in opposition to plaintiff's motion to compel, Record Doc. No. 15, and filed a Motion to Transfer Venue to the United States District Court for the Southern District of Mississippi. Record Doc. No. 12.

Having considered the record, the applicable law and the written submissions of counsel for the parties, **IT IS ORDERED** that plaintiff's Motion to Compel Disclosure, Record Doc. No. 9, and Motion to Conduct Further Proceedings in the Eastern District of Louisiana, Record Doc. No. 14, are DENIED. **IT IS FURTHER ORDERED that** defendant's motion to transfer venue, Record Doc. No. 12, is GRANTED and that the

instant matter is **TRANSFERRED** to the United States District Court for the Southern District of Mississippi, Eastern Division, for the following reasons.

I. <u>PLAINTIFF'S MOTION TO COMPEL DISCLOSURE</u>

Harriel seeks to compel defendants to provide the names, addresses and telephone numbers of all employees or co-workers who worked with him while he was employed by Dynamic Environmental, Inc. as a cleanup worker at the "ERG BP Yard" in Morgan City, Louisiana,[1] and while he was employed by Wallace-Eutaw, LLC as a beach cleanup worker in Gulfport, Mississippi. This type of discovery is expressly prohibited by the CMO, which limits the information that the parties must exchange during the <u>initial</u> proceedings phase of this lawsuit to the following:

> (A) all information, data and/or tangible materials, if any, <u>about plaintiff</u> in the BP medical encounters database and/or oil spill cleanup worker database;
> (B) all non-privileged information, data and/or tangible materials concerning job duty, job assignment and/or time records, if any, in BP's possession, custody or control <u>relating to plaintiff</u>; and
> (C) all <u>contracts and/or agreements between BP and plaintiff's direct employer(s)</u>, if any, concerning oil spill response work, including but not limited to requirements, policies and procedures concerning health, safety and welfare of oil spill response workers.

CMO, § II(2) (emphasis added).

Harriel does <u>not</u> contend that defendants failed to comply with these disclosure obligations (and defendants assert that they did comply), but plaintiff seeks to compel defendants to produce additional information. However, the CMO provides that "[n]o

---

[1] Harriel's complaint and motion to compel state that he worked in Morgan City. His Plaintiff Profile Form, Record Doc. No. 12-4 at pp. 4, 5, says that he worked in Amelia, Louisiana, which is 7.5 miles from Morgan City. Google maps, https://www.google.com/maps (last visited Dec. 4, 2017).

2

discovery may be commenced and all discovery in all BELO lawsuits is STAYED at this time. Discovery is prohibited until after any BELO lawsuit is transferred to another court or reallotted within the Eastern District of Louisiana as provided [in the CMO]." Id. § V.

Plaintiff may seek discovery of additional information pursuant to the appropriate Federal Rules of Civil Procedure after this case is transferred or reallotted. Id. Accordingly, his motion to compel disclosure of additional information is DENIED.

II.     THE VENUE MOTIONS

Harriel's complaint alleges that he is a citizen of Mississippi and that, at all material times, he was a resident of Poplarville, Mississippi, which is located in Pearl River County in the Southern District of Mississippi, Southern Division. 28 U.S.C. § 104(b)(2). Defendants move to transfer this case to the Southern District of Mississippi, without specifying which of the Southern District of Mississippi's four divisions is the appropriate venue.

Paragraph III(2) of this court's CMO provides that "the factors set forth in 28 U.S.C. § 1404(a) and applicable case law" govern determination of the appropriate venue for discovery and dispositive proceedings. 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Applicable case law establishes that private interest factors relevant to the court's venue determination include "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

3

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008) (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004)). Other relevant public interest factors include "'(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" Id. (quoting In re Volkswagen AG, 371 F.3d at 203).

Considering these factors and the disclosure information provided by plaintiff, Defendants' Exh. A, Record Doc. No. 12-4, I find that the most appropriate venue for further proceedings in this BELO lawsuit is the Southern District of Mississippi, Eastern Division. According to plaintiff's disclosures, he has lived in Poplarville, Mississippi since 1995 and lived there at the time of the alleged exposure. Poplarville is in Pearl River County, which is in the Southern District of Mississippi, Southern Division. 28 U.S.C. § 81(a)(6). The federal courthouse for the Southern District of Mississippi, Southern Division, is in Gulfport, Mississippi, which is 48.7 miles or about a one hour and six-minute drive from Poplarville in the northern part of the Division. Google Maps, https://www.google.com/maps (last visited Dec. 4, 2017). The courthouse for the Eastern District of Louisiana in New Orleans is 74.8 miles from Poplarville, or about a one hour and 13-minute drive. Id. The federal courthouse for the Southern District of Mississippi, Eastern Division, is in Hattiesburg, Mississippi, which is 39.5 miles or about 42 minutes

4

by car from Poplarville.  Id.  Thus, although Hattiesburg is only 9.2 miles closer to Poplarville than Gulfport, it is significantly closer in terms of driving time.

Plaintiff's disclosure form lists persons who possess information concerning his injury and/or medical condition. He names his ex-wife, who also resides in Poplarville, and two of his health care providers, Dr. Andrew Rogness and Dr. Darrell W. O'Quinn,. Record Doc. No. 12-4, at pp. 8-9.

Most significantly, plaintiff's health care providers are located in the Eastern Division of the Southern District of Mississippi.  Harriel states in his complaint that Dr. Rogness first diagnosed him with reactive airways dysfunction syndrome and states in his disclosure form that he still receives treatment from Dr. Rogness for this condition.  Dr. Rogness is located in Hattiesburg, Mississippi, where the courthouse for the Eastern Division of the Southern District of Mississippi is located.  According to defendants, plaintiff's medical records indicate that he had a pulmonary function test in January 2013 at Wesley Medical Center in Hattiesburg.  Harriel states that his current primary care physician, Dr. Angela Jones, is at the "Hattiesburg Clinic" in Poplarville and that his primary care physician for the past 10 years, Dr. O'Quinn, was at the "Hattiesburg Clinic" in Purvis, Mississippi, which is 15.2 miles or a 25-minute drive to the federal courthouse in Hattiesburg and is 64.1 miles or a 1 hour and 17-minute drive to the federal courthouse in Gulfport.  Google Maps, https://www.google.com/maps (last visited Dec. 4, 2017). Plaintiff identifies Forrest General Hospital in Hattiesburg as the only health care facility where he has received inpatient treatment within the last ten years.  It follows that

5

important and highly relevant documents, specifically plaintiff's key medical records, and potential medical witnesses are located in or very close to Hattiesburg. Harriel and his ex-wife both reside in Poplarville, which, although located in the north end of the Southern Division of the Southern District of Mississippi, is much closer to Hattiesburg, the seat of the Eastern Division, than it is to either Gulfport, the seat of the Southern Division, or New Orleans.

Plaintiff's mere speculation "[u]pon information and belief . . . that other witnesses and co-workers will largely be located in the Eastern District of Louisiana," Record Doc. No. 14-1 at p. 3, carries no weight in the court's analysis of the Section 1404(a) factors. Harriel argues that David R. Dutton, Ph.D., a potential witness identified by defendants in their disclosures (attached to plaintiff's motion to compel, Record Doc. No. 14-1 at p. 3), is located in Michigan and could access New Orleans by commercial airline more conveniently and cheaply than southern Mississippi. This fact is actually neutral, as neither the Eastern District of Louisiana nor the Southern District of Mississippi would be convenient for a Michigan resident. It appears that the only persons for whom the Eastern District of Louisiana is more convenient than the Southern District of Mississippi are Harriel's attorneys, who are located in Covington, Louisiana. Yet, even for them, it is 40.8 miles or a 55-minute drive from Covington to New Orleans. It is 87.8 miles or a 1 hour and 40-minute drive to Hattiesburg, or only about 45 minutes longer than driving to New Orleans. Google Maps, https://www.google.com/maps (last visited Dec. 4, 2017). None of these facts weighs in favor of keeping this matter in the Eastern District of Louisiana.

Plaintiff's disclosures also indicate that there is no significant connection between himself and this case and the Eastern District of Louisiana. He alleges that, between September and November 2010, he was an oil spill cleanup worker working in Amelia and/or Morgan City, Louisiana, for an employer located in Illinois, when he was exposed to oil and other substances that caused his reactive airways dysfunction syndrome. Amelia and Morgan City are in the <u>Western</u> District of Louisiana. Harriel also states that he was a clean up worker in Mississippi from December 2010 to May 2011 working for an employer located in Gulfport. To the extent that his employment records may be relevant to his lost income or earning capacity claims, he worked during the same period for another employer in Biloxi in the Southern District of Mississippi in a job unrelated to the oil spill. His employment as a security guard in New Orleans from August 2015 to February 2016 is also irrelevant to this action, again except to the extent that his employment records may be relevant to a lost income or earning capacity claim.

Harriel provides no support for his speculation that "the majority of the evidence" will come from the oil spill's Area Unified Command, which was located in Robert, Louisiana and New Orleans, or that "the majority of the non-party witnesses" will be located in the Eastern District of Louisiana. Plaintiff's memorandum, Record Doc. No. 14-1 at p. 5. As previously noted, Harriel's exposure to substances that allegedly caused his reactive airways dysfunction syndrome occurred in the Western, not the Eastern, District of Louisiana. Significantly, none of his medical care providers are located in the

7

Eastern District of Louisiana. All of them are located within the Southern District of Mississippi, as are plaintiff and his ex-wife.

As to the other factors, the state of Mississippi has localized interests in seeing that its citizens are able to litigate their tort claims in courts located in Mississippi. While it is true that this court has superior knowledge of the general circumstances of the spill and its aftermath, it has no special knowledge of the material facts and limited "issues to be litigated," as defined in the BELO portion of the Medical Benefits Class Action Settlement Agreement, MDL No. 2179, Record Doc. No. 6427-1 at pp. 69-70, relating to this plaintiff's particular claims, including his individual exposure, the facts of his diagnosis, his work in the Louisiana and Mississippi spill cleanup, the causation of his alleged medical conditions or the amount of his compensatory damages, if any. These are all matters with which whatever judge in this district to whom this case might be reallotted if it were to remain here would have to become familiar, a process that the court in Mississippi is equally equipped to manage. Certainly, plaintiff is in no way prejudiced by having to pursue his case in the courthouse in the Eastern Division of the Southern District of Mississippi, which is much nearer to his home than the Eastern District of Louisiana, and where any inconvenience to his doctors presented by the need for them to provide evidence will be minimized.

For the foregoing reasons, I find that venue is both proper and most appropriate in the Southern District of Mississippi, Eastern Division. The convenience of the parties and witnesses and the interests of justice warrant transfer of this case. A magistrate judge is

8

authorized to transfer a case of this sort to another district.  Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).  Accordingly,

**IT IS ORDERED** that the instant matter be **TRANSFERRED** to the United States District Court for the Southern District of Mississippi, Eastern Division.

New Orleans, Louisiana, this \_\_\_6th\_\_\_ day of December, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. CARL J. BARBIER**